No. 10,233.

## THE STATE v. FIRST.

CRIMINAL LAW.—*Practice.—Information.*—Under section 1679, R. S. 1881, an information as well as an affidavit is necessary to an original prosecution for crime, and if there be no information, and no offer to file one, the cause may be ended by quashing the affidavit.

From the Huntington Circuit Court.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *C. W. Watkins,* Prosecuting Attorney, for the State.

WORDEN, C. J.—The record in this case, after showing the meeting of the court on the 3d day of January, 1882, recites as follows:

"Be it remembered, that heretofore, to wit, on the 30th day of November, 1881, there was filed in the office of the clerk of the Huntington Circuit Court, the following affidavit, to wit:

"STATE OF INDIANA, HUNTINGTON COUNTY, ss:

"Before John B. Hults, a justice of the peace in and for Salamonie township, in said county.

VOL. 82.—6

" *State of Indiana* v. *Jacob H. First.*    Affidavit for intoxication.

" Jacob C. Wemmer, being duly sworn, on his oath says that one Jacob H. First, late of said county, on the 20th day of November, A. D. 1881, at said county and State aforesaid, did then and there unlawfully appear upon the public streets of the town of Warren, in said county, and was then and there found unlawfully in a state of intoxication, contrary," etc.

[Signed.]                        " JACOB C. WEMMER.

" Subscribed and sworn to this 24th day of November, 1881.

                        " JOHN B. HULTS,

                        " Justice of the Peace."

The defendant appeared in court, and also the prosecuting attorney, and the defendant moved to quash the affidavit, which motion was sustained, and the prosecuting attorney excepted. This ruling is complained of as erroneous.

We are not advised by the record upon what ground the affidavit was quashed.

There are some indications on the face of the affidavit, that it was intended as the foundation of a prosecution before a justice of the peace, before whom no information would be necessary in addition to the affidavit.  But no prosecution appears to have been had before a justice of the peace.  No transcript from any justice appears in the record, nor does the case appear to have been appealed from any justice.

The inference from the recital of the record is that the affidavit was filed in the circuit court as the commencement of an original prosecution in that court; and we must regard the prosecution as originally commenced in that court.

An information was necessary in the circuit court in a prosecution commenced in that court, in addition to the affidavit; and a prosecution upon affidavit alone in such case can not be maintained.  R. S. 1881, sec. 1679.

Conceding that the affidavit was sufficient as such, still, as the prosecution could not be maintained upon it alone, and as the State did not file or offer to file any information, no

error was committed in quashing the affidavit. Standing alone, it was insufficient to put the defendant upon trial, and he had the right to have the prosecution disposed of and ended.

The judgment below is affirmed.

Petition for a rehearing overruled.